JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ESTATE OF MELVIA JONES, et al., | Case No. 2:21-cv-05417-AB-AGR |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION FOR REMAND AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS** |
| v. | |
| BEVERLY WEST HEALTHCARE, LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Estate of Melvia Jones, et al.'s ("Plaintiffs") Motion for Remand ("Motion," Dkt. No. 16). Defendant Beverly West Healthcare, LLC ("Defendant") filed an opposition and Plaintiffs filed a reply. The Motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiffs filed this action in Los Angeles County Superior Court, alleging that Defendant, a 24-hour skilled nursing facility, is responsible for the death of decedent Melvia Jones, who lived there, due to COVID-19. *See generally* Compl. (Dkt. No. 1-1). The Complaint alleges that Ms. Jones received substandard care with respect to her nourishment and general treatment, that Defendant refused to send her to the hospital in the weeks prior to her death despite abnormal lab results and an x-ray that indicated pneumonia, and that appropriate measures were not taken to protect her from Covid-

1.

19 despite her vulnerability to it. Compl. ¶ 15. Defendant sent Ms. Jones to the hospital on May 26, 2020, and she died the next day apparently from Covid-19. Compl. ¶¶ 15, 19. Plaintiffs allege that Defendant failed to take certain steps to prevent the spread of Covid-19 within the facility, in the following ways: Defendant allowed nurses who tested positive for Covid-19 to work with patients including Ms. Jones; Defendant admitted a Covid-positive patient and failed to inform patients' families; Defendant failed to notify Ms. Jones or her family of Covid-19 cases in the facility in a timely manner so they could relocate her elsewhere; Defendant failed to test residents for Covid-19 until about May 20, 2020; and Defendant failed to provide sufficient personal protective equipment ("PPE") for staff. *See* Compl. ¶ 17.

Based on these allegations, the Complaint asserts five causes of action under state law. The first and third claims assert elder abuse and neglect in violation of Cal. Welfare & Institutions Code §§ 15600, *et seq.*, and violation of California's patients' bills of rights, Cal. Health & Safety Code § 1430(b), respectively. Plaintiffs' three remaining state-law claims allege negligence and/or negligence per se, wrongful death, and concealment.

Defendant removed the action asserting subject matter jurisdiction on three grounds: (1) the federal officer statute 28 U.S.C. § 1442(a)(1), given the CDC's ongoing directives to respond to and control the COVID-19 pandemic; (2) complete preemption pursuant to the PREP Act, 42 U.S.C. §§ 247d-6d, 247d-6e; and (3) the *Grable* doctrine. *See* Notice of Removal ("NOR," Dkt. No. 1). Plaintiffs move for remand, arguing that none of these bases of jurisdiction apply.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted);

*see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980. F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id*. at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id*. at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

### III.   JUDICIAL NOTICE

The Court may take judicial notice of facts not subject to reasonable dispute that are either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

Here, Defendants request that the Court take judicial notice of 34 documents that reflect official acts of the United States Health and Human Services Secretary ("HHS") and his office, the official acts of federal state administrative agencies such as the Center for Disease Control ("CDC"), the Centers for Medicare and Medicaid Services ("CMS"), the California Department of Public Health ("CDPH"), and court filings from similar cases. *See* Def's Request for Judicial Notice ("RJN," Dkt. No. 21). "Under Rule 201, the court can take judicial notice of 'public records and government documents available from reliable sources on the internet' such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp.3d 1362, 1381 (C.D. Cal. 2014).  Because these documents are matters of public record and available from reliable sources on the internet, the Court finds that they are not subject to reasonable dispute. Thus, Defendant's request is **GRANTED**.

### IV.   DISCUSSION

This Court and many others in the Central District of California have previously addressed these jurisdictional questions in the context of state law tort suits arising out of COVID-19 deaths in care facilities. All but one case in the Central District have

determined that the federal courts lack jurisdiction under any of the three theories presented by Defendant, and therefore that removal is improper and remand is required. *See Nava v. Parkwest Rehab. Ctr. LLC*, No. 20-CV-07571-ODW-AFMX, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021) (Wright, J.); *Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021) (Gee, J.); *Lyons v. Cucumber Holdings, LLC*, No. CV-20-10571-JFW-JPRX, 2021 WL 364640, at *6 (C.D. Cal. Feb. 3, 2021) (Walter, J.); *Smith v. Colonial Care Ctr., Inc.*, No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *9 (C.D. Cal. Mar. 19, 2021) (Klausner, J.); *Thomas v. Century Villa Inc.*, No. 2:21-CV-03013-MCS-KS, 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021) (Scarsi, J.); *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021) (Wright, J.); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *6 (C.D. Cal. Mar. 1, 2021) (Blumenfeld, J.); *Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021) (Anderson, J.); *Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *8 (C.D. Cal. Mar. 26, 2021) (Walter, J.); *Jackie Saldana v. Glenhaven Healthcare LLC*, No. CV-20-5631-FMO-MAAX, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020) (Olguin, J.); *Martin v. Serrano Post Acute LLC*, No. CV 20-5937 DSF (SKX), 2020 WL 5422949, at *3 (C.D. Cal. Sept. 10, 2020) (Fischer, J.); *Romeo v. Canoga Healthcare, Inc.*, 2021 WL 3418730, at *3 (C.D. Cal. Aug. 5, 2021) (Birotte, J.); *Estate of Joseph Benjamin Serrano, et al. v. San Antonio Acute LLC, et al.*, Case No. EDCV 21-1169JGB (SHKx) (C.D. Cal. July 21, 2021) (Bernal J.); *but see Garcia v. Welltower OpCo Grp. LLC*, No. SACV2002250JVSKESX, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021) (Selna, J.) (deferring to OGC Advisory Opinion).

The overwhelming majority of district courts nationwide have likewise found that federal courts lack jurisdiction under these theories. *See* Mot. fn. 2 and Reply pp. 3-5 (citing cases throughout the country finding no jurisdiction);*but see Rachal v.*

*Natchitoches Nursing & Rehab Center LLC*, Civil Docket No. 1:21-CV-00334 *11 (W.D. La. April 30, 2021) (deferring to OCG Advisory Opinion).

That so many courts have ruled the same way is compelling. The Court explains below why it declines to follow the reasoning of *Garcia* and *Rachal*. Once again, the Court finds the weight of opinion of its sister courts persuasive, and accordingly this Order relies on them.

**A. The Federal Officer Removal Statute Does Not Establish Jurisdiction.**

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). This is an exception to the well-pleaded complaint rule, which typically requires a federal question to be pleaded in the complaint in order for the court to have subject matter jurisdiction based on a federal question. *See N.G. v. Downey Reg'l Med. Ctr.,* 140 F.Supp.3d 1036, 1039 (C.D. Cal. 2015).

There is no dispute that the removing parties are persons for purposes of the statute. The next inquiry is whether Defendants acted "pursuant to a federal officer's directions," whether there is a "causal nexus" between Defendant's actions and Plaintiffs' claims, and whether Defendants can assert a colorable federal defense. Defendants point to government regulations and public directives regarding the response to the COVID-19 pandemic. The court in *Fidelitad* noted that, "[f]or a private entity to be acting under a federal officer, the private entity must be involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Fidelitad, Inc.,* 904 F.3d at 1095. Further, a "private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly

supervised and monitored." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

Defendants argue that the government regulations and public directives implemented during the COVID-19 pandemic are tantamount to directions from a federal officer. For instance, Defendants argue that federal authorities have been "explicitly guiding" Defendants, as members of the nation's critical infrastructure, in their operational decisions related to clinical pandemic response in nursing homes and residential care facilities. Opp'n at 20. Facilities were instructed on, among other things, which patients and staff to test for COVID-19, under what circumstances to use and how to conserve PPE, when to permit staff who had COVID-19 to return to work, how to mitigate staff shortages including when to permit COVID-19 positive but asymptomatic staff to return to work, and how to handle the isolation of residents infected with COVID-19 and those under investigation for COVID-19. *Id.* Defendants argue that these very detailed clinical directives and instructions represented a marked departure from any regulatory structure that may have existed before the pandemic, as these entities acted under federal authority to assist the government in combatting the pandemic. *Id.*

In *Saldana v. Glenhaven Healthcare LLC*, 20-cv-5631, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020), defendants argued that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19." The court found that such general regulations and public directives were "insufficient" to confer jurisdiction under the federal officer removal statute. *Id.* Similarly, while the government and the CDC may have had highly detailed guidance which was specifically tailored for hospitals, nursing homes, or other critical frontline workers, this Court is not persuaded that the CDC's various and ongoing guidance in response to the pandemic means that Defendant was "acting

6.

under" a federal official. "[M]erely being subject to federal regulations or performing some functions that a government agency controls is not enough to transform a private entity into a federal officer." *Panther Brands, LLC, v. Indy Racing League, LLC,* 927 F.3d 586, 590 (7th Cir. 2016).

Furthermore, there is no causal link between Defendant's actions and Plaintiffs' claims. Rather, Plaintiffs' claims are directed towards the inactions of Defendant. This distinction serves to weaken Defendant's federal officer argument. As this finding precludes federal officer jurisdiction, the Court need not reach the other elements of the statute to conclude that removal is not justified on this basis. *Nava v. Parkwest Rehab. Ctr. LLC*, No. 2:20-CV-07571-ODW-AFMX, 2021 WL 1253577, at *2 (C.D. Cal. Apr. 5, 2021).

Accordingly, the Court finds that Defendant has not established that removal was proper based on the federal officer removal statute.

**B. The PREP Act Does Not Completely Preempt State Law.**

Under the doctrine of complete preemption, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)). Complete preemption that confers federal question jurisdiction is very rare. *See City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption].").

In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020) (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). The PREP Act does not satisfy the Ninth Circuit's two-part

7.

complete preemption test. *See, e.g., Stone v. Long Beach Healthcare Ctr., LLC*, CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5–7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding PREP Act does not satisfy Ninth Circuit complete preemption test); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *3-*6 (C.D. Cal. Mar. 1, 2021) (finding no complete preemption). The Court acknowledges that the *Garcia* and *Rachal* Courts did find complete preemption. But such courts solely deferred to opinions of the HHS Secretary, and did not address the Ninth Circuit's two-part test, so they are not persuasive.

If Defendants believe that some or all of Plaintiffs' state law claims are *barred* by the PREP Act, filing a demurrer in state court is an option available to Defendants. If the state court dismisses the state law claims, Plaintiffs could then decide whether they wish to file claims under the PREP Act in the U.S. District Court for the District of Columbia, the court with exclusive jurisdiction over such claims. *See* 42 U.S.C. § 247d-6d(e)(1).

The Court reiterates its previous decisions in *Todd M. Swick v. Canoga Healthcare*, Inc. et al (CV 21-02876-AB-RAOx) and *Domenic Romeo v. Canoga Healthcare, Inc.* (CV 21-02918-AB-RAOx), as well as the weight of district court opinion that the PREP Act does not completely preempt the claims herein, and thus provides no basis for removal of this action.

**C. Jurisdiction Is Not Established Under the *Grable* Doctrine / Embedded Federal Question.**

Defendants also argue that the *Grable* doctrine applies. Under the *Grable* doctrine, in order for a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

8.

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Supreme Court has stated "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claims 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

Plaintiffs point out that the *Grable* doctrine relies on the claims made by the plaintiff, not the defenses raised by the defendant. Here, Plaintiffs have raised a standard medical negligence and elder abuse claim arising under California law and that does not *necessarily raise* a federal issue. Defendants are the only parties that raise a federal issue, for example in asserting their immunity defense under the PREP Act. Accordingly, the Court does not have subject matter jurisdiction based on an embedded federal question under *Grable*. *Accord Winn v. California Post Acute LLC*, No. CV-21-02854-PA-MARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021).

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established that this Court has subject matter jurisdiction over Plaintiffs' claims. The Court therefore **GRANTS** Plaintiffs' Motion for Remand and **ORDERS** the Clerk of Court to remand this matter to the Superior Court of California, County of Los Angeles.

//

//

//

9.

In light of the Court's conclusion that it lacks subject matter jurisdiction, Defendant's pending Motion to Dismiss is not for this Court to decide, and is therefore **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 14, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE